UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LEXINGTON

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ILLINOIS, COMMONWEALTH OF KENTUCKY, and STATE OF NORTH CAROLINA, | ) ) ) ) ) ) | Civil No: 13-123-GFVT |
| Plaintiffs, | ) ) | **ORDER** |
| V. | ) ) | |
| FORTUNE HI-TECH MARKETING, INC., a Kentucky corporation *et. al.,* | ) ) ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the motions filed by the attorneys for Plaintiffs in two distinct class action lawsuits that are currently pending before this Court against Fortune Hi-Tech Marketing. The *Wallace* Plaintiffs' lawsuit is at docket number 5:11-cv-127-GFVT and the *Day* Plaintiffs are proceeding against Fortune in 5:10-cv-305-GFVT. To be very clear, neither the *Wallace* nor the *Day* Plaintiffs are parties to this action. The attorneys for these non-parties seek leave to file motions for attorneys' fees, to be paid out of the settlement fund, in this case.

**I**

On May 9, 2014, this Court entered a Stipulated Order for Permanent Injunction and Monetary Judgment. [R. 202.] This comprehensive agreement between the parties created a significant settlement fund "to be used for equitable relief, including consumer redress." [*Id*. at 15.] The agreement included the following provision:

> Plaintiffs reserve the right to oppose any request for payment for any attorneys fees or payments to class representatives associated with the Class Action Lawsuits; provided, however, that no other costs or expenses relating to the Class Action Lawsuits shall be paid out of such redress fund.

[R. 202 at 15.]

On July 22, 2014, the *Day Attorneys* and the *Wallace Attorneys*, independently moved for leave to file a motion for an order awarding attorney's fees, to be paid from the common fund created by the stipulated order in this case. [R. 214; R. 215.] In the *Day Attorneys'* original motion they suggest that their intervention is admissible under Federal Rule of Civil Procedure 24(a) which provides, in relevant part, that:

> the court must permit anyone to intervene who…claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). This suggestion that their intervention would be permissible is accompanied by little, if any, substantive argument on the point. They recite the test for intervention under this provision but do not provide argument on why they should be permitted to intervene. The *Wallace Attorneys* took a different approach, arguing that leave to file should be permitted because their case is so related to this case and because their motion relates to the settlement fund created in this case. [R. 215.] The *Wallace Attorneys* do not reference intervention nor do they cite to any legal authority in support of their request. [*Id.*]

The FTC opposes both sets of attorneys' motions. [R. 216.] They first note that neither set of attorneys properly sought to intervene. [R. 216 a 1-3.] They contend that this must happen before the attorneys be granted leave to file substantive motions seeking

2

fees. [*Id.* at 2-3.] Second, they argue that even if the attorneys were properly before the Court, they still would not be entitled fees from the settlement fund. [R. 216 at 3-9.] The Receivers take no position on the motion for leave except to note that they believe the proper mechanism is a motion for intervention under Rule 24. [R. 217; R. 218.] They note that the *Day Attorneys* reference the intervention standard but that their motion makes "no meaningful effort" to demonstrate compliance with those requirements. [R. 217.] With regard to the *Wallace Attorneys*, the receivers note that the attorneys do not even address the standards for intervention. [R. 218.]

In their reply, the *Day Attorneys* shift their approach. They disagree with the FTC's assessment that intervention is necessary, and instead argue that the Sixth Circuit's ruling in *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535 (6th Cir. 2013), renders such intervention unnecessary. [R. 221 at 2-4.] Similarly, the *Wallace Attorneys* argue that intervention under Rule 24 is not required because of *Exact Software*. [R. 220 at 1-6.] In their mind, because the *Wallace, Day,* and *FTC* cases are all before this Court and because the cases are so related, they were "not required to file a motion to intervene." [R. 220 at 3 (citing *Exact Software*, 718 F.3d at 544-545.]

The pending motions raise two distinct questions. First, the Court must consider whether the attorneys for the *Wallace* and *Day* plaintiffs, as non-parties, are permitted to file such motions in this case. Only if the Court answers this question in the affirmative, need the Court consider what fee award would be appropriate. The Court's present analysis is focused solely on the first question. Should leave be granted so that the *Wallace* and *Day* attorneys may file motions seeking fees from the settlement fund in this case?

3

**II**

Both sets of Attorneys have made it clear that they do not seek to intervene under Federal Rule of Civil Procedure 24 as they believe such intervention is unnecessary.[1] Accordingly, the Court does not presently address that issue. Instead, the Court will consider the *Attorneys'* arguments about *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535 (6th Cir. 2013). Because of the parties near sole dependence on this case, a brief synopsis is helpful.

*Exact Software* involved a software-licensing dispute which, as the Sixth Circuit noted, "became more intriguing after the parties settled it." *Id*. at 537. One of the parties to that settlement, Infocon, fired its attorney, Demoisey, "[o]n the eve of settlement." *Id*. The fee dispute between Demoisey (the former-attorney) and Infocon (the former-client) is what interested the Sixth Circuit and, presently, interests this Court.

In an effort to ensure payment for legal services that he had provided throughout the duration of the case, Demoisey placed a lien on the settlement proceeds. *Id*. The district court ultimately awarded Demoisey a significant fee for his work in the case and the Sixth Circuit affirmed, concluding that lawyers like Demoisey need not intervene or file a claim against his own client, potentially upsetting jurisdiction, to get paid for the services they provided.

> The premise of supplemental jurisdiction authorized by § 1367(a) and curbed by § 1367(b) is that a new "claim" has been added to the case. **Yet a district**

---

[1] As noted, the *Day Attorneys* do reference Rule 24 in their first motion seeking leave and also cite to two cases where parties were permitted to intervene to seek legal fees. *See Eastern Potato Dealers, Inc. v. Dibble & Miller, P.C.*, 363 F. App'x 819 (2d Cir. 2010) (where former-attorney sought to collect based on charging lien); *Inmates of The Rhode Island Training Sch. v. Martinez*, 465 F. Supp. 2d 131 (D.R.I. 2006). As noted by the FTC, however, the *Day Attorneys* neither move to intervene nor do they argue for such intervention. [R. 214.] Quite to the contrary, their reply makes it clear that they believe such intervention is unnecessary because of the Sixth Circuit's holding in *Exact Software*. [R. 221 at 2-4.]

4

> **court's traditional authority to ensure that lawyers do not leave their clients in the lurch (by leaving the case without permission from the court) or to ensure that the clients do not leave their lawyers in the lurch (by failing to pay them) does not turn on new claims filed by lawyers against clients or new claims filed by clients against lawyers.** No intervention is required for a lawyer to ask a district court to ensure that he be paid for his work. **And no complaint or claim need be filed against the client to ensure this happens**. A motion by the lawyer in the case and/or a charging lien will suffice. When all that the lawyer seeks is payment for services performed, payment of a contingency fee or payment from a common fund, all in a pending case, there is no reason to intervene, to file a new claim or even to become a "party" to the case—leaving the resolution of this issue not to the intricacies of § 1367 but to the traditional authority of a district court over the parties and lawyers before it.

*Exact Software*, 718 F.3d at 544-45 (emphasis added).

The *Day* and *Wallace* attorneys now seek to use the above authority to justify the filing of their fee motions in this case. They argue that the Court is "well within its authority to rule on both the Motion for Leave and the Motion for Attorneys' Fees without addressing intervention in light of its traditional authority to manage the cases before it and the fee issues relating thereto." [R. 220 (citing *Exact Software*, 718 F.3d at 542-545.]

There are, however, very important distinctions between the case-at-hand and *Exact Software*. Most notably, the attorney in *Exact Software* had formerly represented a party in that case. In the case at hand, the attorneys seeking leave to file have never been attorneys in this case. They are counsel in other cases against the Defendant, but this is fundamentally different. The excerpt cited above and other language consistently used in *Exact Software* makes it clear that the Court was considering the situation where an attorney was attempting to collect from *his own client*. For example, the Court noted that "[e]fforts to receive a contingency fee earned in a case do not necessarily require a **lawyer to sue a client**." *Id.* at 542 (emphasis added). This important distinction was

5

also recognized in *TC Power Ltd. v. Guardian Indus. Corp.*, where the Sixth Circuit pointed out that the law firm in *Exact Software* had "simply [sought] payment from **its own client** based on a previously recorded lien or fee agreement." 568 F. App'x 376, 379 (6th Cir. 2014) (emphasis added).  The Court notes that in *Kalyawongsa v. Moffett*, 105 F.3d 283 (6th Cir. 1997), another case cited by the *Wallace attorneys*, the persons seeking compensation were, again, former attorneys.

Neither the Day nor Wallace attorneys have identified any case where non-party lawyers were granted similar permission to seek fees absent formal intervention.  While the *Day* and *Wallace attorneys* can argue that their cases are similar or related to this action, that does not change the fact that they are asking the Court to go a step beyond the Sixth Circuit's holding in *Exact Software* when they ask to be permitted leave to file their motions for attorney's fees absent intervention.

### III

ACCORDINGLY, for the reasons stated herein, the parties motions for leave to file [R. 214; R. 215] are **DENIED**.

This 23rd day of February, 2015.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge